In the Matter of Solomon Daniels, an Attorney, and Joel Daniels, an Attorney, Respondents. Bar Association of Erie County, Petitioner.

Fourth Department, April 8, 1971.

*John B. Walsh* for petitioner.

*William B. Mahoney* for Solomon Daniels, respondent.

*Charles J. McDonough* for Joel Daniels, respondent.

*Per Curiam.* Respondent Solomon Daniels was admitted to the Bar in this Department on the 29th day of June, 1928. His son, respondent Joel L. Daniels, was admitted to the Bar in this Department on the 11th day of November, 1963. For over four decades Solomon Daniels has practiced law in the City of Buffalo, extensively representing persons charged with criminal violations. Upon admission to the Bar, Joel L. Daniels at first practiced law in association with a group of attorneys; he then practiced alone for a period; and in January, 1969 he became associated with his father in the practice of law.

The Bar Association of Erie County has filed a petition alleging that in the year 1969 respondents each separately on many occasions and jointly on many other occasions engaged in the practice of soliciting the representation of clients from among those persons who had been arrested for violation of the Penal Law or the Vehicle and Traffic Law and taken to Erie County jail or the City Court of Buffalo. It is alleged that in several instances respondents hired an individual, or so-called " runner ", to solicit business for them; that in most instances the solicitations resulted in the retention of respondents as attorneys to defend such persons; and that said solicitor was compensated by respondents for securing the clients. As a result of this solicitation by respondents and said " runner " respondents received substantial fees during the year of 1969.

Respondents have each fully admitted the allegations of the petition. Each alleges, however, in mitigation that notwithstanding his unethical conduct the services which he rendered were conscientiously and successfully performed, that reasonable and proper fees were received therefor, and that the " clients " were well satisfied with the services.

Respondents' conduct violated several of the Canons of Professional Ethics (now the Code of Professional Responsibility, effective January 1, 1970) and the provisions of section 482 of the Judiciary Law. Canon 27 specifically provides that " it is unprofessional to solicit professional employment * * * through touters or by personal communications or interviews not warranted by personal relations ". Similarly, section 482 makes it " unlawful for an attorney to employ any person for

the purpose of soliciting or aiding, assisting or abetting in the solicitation of legal business or the procurement through solicitation either directly or indirectly of a retainer ''. Furthermore, the actions of respondents violated canon 29 which requires that lawyers '' should strive at all times to uphold the honor .and to maintain the dignity of the profession ''.

By their own admissions respondents are both guilty of professional misconduct. Considering all the circumstances, including the years of experience at the Bar of each .respondent, respondent Solomon Daniels should be suspended from the practice of law for three years, and respondent Joel L. Daniels should be suspended from the practice of law for six months, and, in each case, until the further order of this court.

GOLDMAN, P. J., DEL VECCHIO, MARSH, WITMER and GABRIELLI, JJ., concur.

Orders of suspension entered.